# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **C.W., K.V., and B.W.**

**No. 22-642** (Kanawha County 20-JA-458, 20-JA-459, and 21-JA-527)

## MEMORANDUM DECISION

Petitioner Mother E.V.[1] appeals the Circuit Court of Kanawha County's June 14, 2022, order terminating her parental rights to C.W., K.V., and B.W.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September of 2020, the DHHR filed a petition alleging that petitioner abused illicit substances while pregnant with C.W., which resulted in C.W. being born drug exposed. The DHHR also alleged that petitioner chose to breastfeed C.W. despite her testing positive for methamphetamine and tetrahydrocannabinol. At the preliminary hearing, the circuit court ratified the removal of C.W. and K.V. and ordered the DHHR to provide services to petitioner, including transportation services and supervised visitation with the children.

The circuit court held an adjudicatory hearing in December of 2020, during which petitioner testified and admitted to drug use during her pregnancy with C.W. Based upon this evidence, the circuit court adjudicated petitioner as an abusing parent but granted her a post-adjudicatory improvement period. The terms of petitioner's improvement period required her to attend parenting education and adult life skills classes, submit to a parental fitness and psychological evaluation, and participate in supervised visitation with C.W. and K.V.

In March of 2021, the court held a review hearing, and the DHHR presented evidence that petitioner failed to complete an inpatient drug rehabilitation program and had tested positive for several drug screens while pregnant with a third child, B.W. Later in March of 2021, the DHHR

---

[1]Petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Matthew Smith appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

filed an amended petition alleging that petitioner allowed K.V.'s teeth to rot and that C.W.'s father abused drugs while living with petitioner and the children. Thereafter, the court held an adjudicatory hearing on the amended petition, wherein K.V.'s father agreed to place K.V. in a guardianship with the maternal grandparents. Thereafter, K.V.'s father was dismissed from the action, and the court adjudicated C.W.'s father as an abusing parent.

The DHHR filed a second amended petition in September of 2021, alleging that petitioner admitted to abusing methamphetamine while pregnant with B.W. The circuit court held a second adjudicatory hearing in October of 2021, during which the DHHR presented evidence that petitioner used methamphetamine while pregnant with B.W., failed to enroll into an inpatient drug rehabilitation program, and failed to comply with regular random drug screening. The court adjudicated petitioner and B.W.'s father as abusing parents based on their substance abuse. In November of 2021, petitioner filed a motion for a second post-adjudicatory improvement period.[3]

The circuit court held a final dispositional hearing in June of 2022, during which petitioner failed to appear but counsel appeared on her behalf. The DHHR worker testified that petitioner failed to comply with drug screening and was caught using another person's urine sample to defeat a drug screen. The worker stated that the DHHR then required mouth swabs for drug screens and that petitioner ceased drug screening in March of 2021. She elaborated that the few drug screens petitioner submitted to in March of 2021 were positive for methamphetamine and that petitioner did not reply to the worker's offer of reunification services. The guardian moved for termination of petitioner's parental rights, pointing to the fact that the case had been ongoing since September of 2020 and petitioner had given birth to a second drug exposed infant. Ultimately, the court denied petitioner's motion for an additional improvement period, finding that petitioner had made no progress in addressing the issues that led to the petition's filing. The court concluded that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. The court also found that termination of petitioner's parental rights was necessary for the children's welfare and was the least restrictive dispositional alternative. The circuit court terminated petitioner's parental rights by its June 14, 2022, order. Petitioner now appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. *See* Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying her motion for a second post-adjudicatory improvement period. However, petitioner concedes in her brief that she only initially complied with offered services. Petitioner asserts that she "wanted" to enroll into drug treatment yet failed to do so for over eighteen months. Indeed, another improvement period was unwarranted considering petitioner's nonparticipation in her previous improvement period and the length of time the proceedings had been pending. *See* W. Va. Code § 49-4-610(9) ("no combination of any improvement periods or extensions thereto

---

[3]For reasons not apparent from the record, dispositional hearings set for December of 2021, March of 2022, and April of 2022 were continued.

[4]C.W. and B.W.'s father's parental rights were terminated below. C.W. and B.W.'s permanency plan is adoption together by the maternal grandmother. K.V. has been reunified with his father.

may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits"). Because petitioner failed to follow through with services during her first improvement period, including failing to address her drug addiction in any fashion, we find no error in the circuit court's denial of a second improvement period after the birth of B.W.

Further, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative such as permanent guardianship with the maternal grandparents. However, petitioner does not challenge the circuit court's finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of a parent's parental rights upon such findings). Petitioner failed to comply with her case plan, and there was no evidence presented that petitioner attempted to correct her parenting deficiencies and substance addiction during the proceedings. As such, "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As the circuit court's findings are fully supported by the record, we find no error in the termination of petitioner's parental rights rather than the imposition of a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 14, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn